IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| FCX SOLAR, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 6:21-cv-548 |
| | ) | |
| FTC SOLAR, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff FCX Solar, LLC ("Plaintiff" or "FCX") brings this action against defendant FTC Solar, Inc. ("Defendant" or "FTC") for infringement of U.S. Patent No. 10,903,782 (the "'782 Patent") and alleges:

1. Plaintiff is an engineering consultancy and green technology development firm that provides engineering services to solar power developers and develops intellectual property in the solar structures space—solutions to engineering problems that can be licensed to other companies.

2. Defendant FTC Solar, Inc. develops and sells solar tracker systems to utilities and other large-scale producers of solar power. A solar tracker system allows a photovoltaic cell to track the movement of the sun through the sky over the course of a day, increasing the efficiency and output of a solar array.

3. FTC is a direct competitor to companies that benefit from Plaintiff's consultancy services and engineering solutions.

4. FTC once held a license to the Plaintiff's family of patents comprising the '782 Patent. That license is no longer in effect. Yet FTC continues to make, use, sell, and offer for

sale products that practice the '782 Patent. FTC does so willfully, despite knowledge of the '782 Patent and FTC's practice thereof.

5.     Plaintiff sues to protect its intellectual property rights in the '782 Patent, to recover damages arising out of FTC's infringement thereof, and to enjoin FTC from further infringement that will irreparably harm Plaintiff's business.

## The Parties

6.     Plaintiff FCX is a Pennsylvania limited liability company registered as a foreign limited liability company in the State of New Hampshire.

7.     Defendant FTC is a corporation duly organized and existing under the laws of the State of Delaware. FTC has a regular and established place of business in this judicial district at 9020 North Capital of Texas Highway, Suite I-260, Austin, Texas. FTC can be served with process through its registered agent in the State of Texas, Vcorp Services, LLC, 1999 Bryan Street, Suite 900, Dallas, TX, 75201-3136.

## Jurisdiction and Venue

8.     This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.     FTC is subject to personal jurisdiction in this Court because FTC has its principal place of business in this judicial district and has engaged in continuous, systematic, and substantial activities within this State, including substantial marketing and sales of products and services within this State and this district. This Court also has personal jurisdiction over FTC because FTC has committed acts giving rise to Plaintiff's claims for patent infringement within and directed to this district

10.    FTC has conducted and does conduct substantial business in this district, directly and/or through subsidiaries, agents, representatives, or intermediaries, such substantial business

including but not limited to: (i) at least a portion of the acts of infringement alleged; (ii) purposefully and voluntarily placing one or more infringing products and services into the stream of commerce from this district expecting they will be purchased by consumers in this district; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this district. Thus, FTC is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Texas Long Arm Statute.

11. FTC has committed acts of infringement in this district and has a regular and established place of business within this district. Thus, venue is proper in this district under 28 U.S.C. § 1400(b).

12. FTC maintains a permanent physical presence within this district. For example, it maintains at least an office location at 9020 North Capital of Texas Highway, Suite I-260, Austin, Texas, and employs persons at that location. FTC also maintains (or until recently maintained) an office at 11801 Domain Boulevard, 3rd Floor, Austin, TX 78758.

13. FTC's locations in this district are physical, geographical locations in this district. Each office location comprises one or more buildings or office spaces from which the business of FTC is carried out. The locations are set apart for the purpose of carrying out FTC's business, including but not limited to, making, using, selling, offering for sale, and/or supporting infringing products. FTC itself advertises its North Capital of Texas Highway location as its place of business in public filings with the Securities and Exchange Commission.

14. FTC's locations in this District are regular and established.

15. FTC's locations in this District are places of business of FTC. FTC conducts business from at least one location in this District including but not limited to, making, using, selling, offering for sale, and/or supporting infringing products and services.

16. FTC's locations in this District are physical, geographical locations in this District from which FTC carries out its business.

17. FTC employees work at FTC's locations. These FTC employees are regularly and physically present at FTC's locations during business hours and they are conducting FTC's business while working there.

18. FTC's locations in this district are therefore regular and established places of business under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

## Factual Allegations

A. **Patent-in-Suit**

19. The '782 Patent is entitled "Solar Tracker System." The '782 Patent duly and legally issued on January 26, 2021. Plaintiff is the owner of all rights, title, and interest in the '782 Patent, including all rights to license the '782 Patent or forgive infringement thereof. A copy of the '782 Patent is attached as Exhibit A and is incorporated by reference herein.

20. FTC once held a license to the family of patents comprising the '782 Patent under a license agreement with Plaintiff (the "Agreement").

21. At the time of filing of this Complaint, that license is no longer in effect.

B. **FTC Makes, Uses, Sells, and Offers for Sale Products That Practice the '782 Patent**

22. FTC's Voyager product ("Voyager") is a photovoltaic system that incorporates solar panels, which are collections of photovoltaic modules, to generate energy. *See, e.g.*, Voyager Tracker Datasheet, https://ftcsolar.com/wp-content/uploads/2020/12/Voyager-

Datasheet.pdf (2020); Voyager single-axis tracker from FTC Solar, FTC Solar, https://www.youtube.com/watch?v=XEQNxgZrXw4 (Apr. 24, 2019); *see also* FTC Solar Launches Voyager+ Tracker Supporting 500+ Watt Module Transition, https://ftcsolar.com/news/press-releases/ftc-solar-supports-large_format-pv-modules/ (Jan. 27, 2021).

23. FTC's Voyager product is sometimes designated "Voyager+" when used with large-format solar modules. *See, e.g.*, https://ftcsolar.com/news/press-releases/ftc-solar-supports-large_format-pv-modules/ (Jan. 27, 2021).

24. On information and belief, Voyager products designated "Voyager+" are not materially different from those designated "Voyager" with respect to the elements of the '782 Patent claims.

25. Voyager includes a supporting base with a vertical post to which solar modules are attached and held up at an angle. *See* Voyager single-axis tracker from FTC Solar, FTC Solar, https://www.youtube.com/watch?v=XEQNxgZrXw4 (Apr. 24, 2019).

26. Voyager includes a damper mounted between solar modules and the base supporting the solar modules. The damper resists movement of the solar modules relative to the base, such as movement caused by wind. *See, e.g.*, Voyager single-axis tracker from FTC Solar, FTC Solar, https://www.youtube.com/watch?v=XEQNxgZrXw4 (Apr. 24, 2019) ("The…torque tube and slew drive combined with patented locking damper design enables voyager to handle the most adverse wind conditions."); Voyager Design Specifications, https://ftcsolar.com/wp-content/uploads/2020/12/Voyager-Datasheet.pdf (2020) ("Wind Speed Configurations: v105mph, v120mph, v135mph").

27. The damper of Voyager passively transitions from a first damping ratio, in which the solar modules move at a first velocity relative to the base, to a second damping ratio, in which the solar modules move at a second, higher velocity relative to the base.

28. This behavior is evidenced, *e.g.*, by damper sample tests in FTC's possession from approximately July 22, 2020.

29. On information and belief, the sampled damper design, or a materially similar design, is being used on Voyager trackers today.

30. The damper of Voyager has an outer cylinder (or damper chamber) that is hollow and holds a damper piston. The diameter of the outer cylinder is greater than that of the damper piston and contains fluid within the remaining space not taken up by the damper piston.

31. This is evidenced, *e.g.*, by damper design images in FTC's possession from approximately July 25, 2020.

32. The damper piston of Voyager has a first port, *e.g.*, first openings on a disc. The openings can be in an open or closed configuration.

33. This is evidenced, *e.g.*, by the damper design images in FTC's possession from approximately July 25, 2020.

34. The damper piston of Voyager has a second port, *e.g.*, second openings on a disc. The openings can be in an open or closed configuration.

35. This is evidenced, *e.g.*, by the damper design images in FTC's possession from approximately July 25, 2020.

36. The damper piston of Voyager has a valve configured to passively open or close the second port.

37. When the discs are in an open configuration, the second port is open and allows fluid to flow through the port. When the discs transition to a closed position, the second port is closed.

38. The valve transitions between the open and closed configurations in a passive manner.

39. This is evidenced, *e.g.*, by the damper design images in FTC's possession from approximately July 25, 2020.

40. On information and belief, the imaged damper design, or a materially similar design, is being used on Voyager trackers today.

41. As set forth above, Voyager practices all elements of at least Claims 1, 11, and 19 of the '782 Patent, whether denominated as "Voyager" or "Voyager+."

42. FTC offers Voyager and Voyager+ products for sale in and from the United States. *See, e.g.*, https://ftcsolar.com/voyager-tracker/ ("Request a Quote").

43. According to public filings with the Securities and Exchange Commission, FTC intends to sell the Voyager and Voyager+ products in and from the United States for the foreseeable future.

**First Claim for Relief**
**(Infringement of the '782 Patent)**

44. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 43.

45. In violation of 35 U.S.C. § 271(a), FTC is directly infringing one or more of the '782 Patent's claims, including at least Claim 1, 11, and 19 by making, using, selling, and/or offering for sale in the United States, without authority, products that practice the '782 Patent, including but not limited to Voyager and Voyager+.

46. As described above, FTC's Voyager and Voyager+ products practice every limitation of at least Claims 1, 11, and 19 of the '782 Patent.

47. FTC is infringing claims of the '782 Patent, including at least Claims 1, 11, and 19, literally and/or under the doctrine of equivalents.

48. Because of FTC's acts of infringement, Plaintiff has suffered and continues to suffer actual and consequential damages. Plaintiff is entitled to, and now seeks to, recover damages from FTC in an amount not less than the maximum amount permitted by law caused by FTC's acts of infringement. Plaintiff seeks recovery in an amount no event less than a reasonable royalty with interest and costs. Plaintiff further seeks any other damages to which it would be entitled to in law or in equity.

49. Further, because the Agreement obligated FTC to pay a royalty on products practicing *inter alia* any claim of the '782 Patent, and under the other terms of the Agreement, FTC had actual notice of the claims of the '782 Patent and knows of the infringing nature of its unlicensed activities.

50. Nevertheless, FTC continues to make, use, sell, and/or offer for sale in the United States, without authority, products that practice the '782 Patent, including but not limited to Voyager and Voyager+, as described above.

51. Therefore, FTC's infringement of the '782 Patent is egregious and involves intentional or knowing infringement, and is therefore willful, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

52. FTC's acts of infringement have caused—and unless restrained and enjoined, FTC's acts of infringement will continue to cause—irreparable injury and damage to Plaintiff for

which Plaintiff has no adequate remedy at law. Unless preliminarily and permanently enjoined by this Court, FTC will continue to infringe the '782 Patent.

53.     Plaintiff further may recover its attorneys' fees under applicable law and seeks to do so.

## Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## Prayer for Relief

Plaintiff respectfully requests that the Court enter preliminary and final orders, declarations, and judgments as are necessary to provide Plaintiff with the following relief:

a. A judgment that FTC has infringed and/or continues to infringe one or more claims of the '782 Patent, literally or under the doctrine of equivalents;

b. A judgment that FTC's infringement of the '782 Patent has been willful;

c. An award for all damages arising out of FTC's infringement, together with prejudgment and post-judgment interest, including without limitation attorneys' fees and litigation costs and expenses;

d. An accounting of damages and any future compensation due to Plaintiff for FTC's infringement (past, present, or future) not specifically accounted for in a damages award (or other relief);

e. A judgment imposing a mandatory future royalty payable on every product or service sold by FTC that is found to infringe the '782 Patent and on all future

    products and services which are not colorably different from products found to infringe;

f. An award of reasonable attorneys' fees as provided by 35 U.S.C. § 285 and enhanced damages as provided by 35 U.S.C. § 284;

g. An award of costs of suit;

h. The entry of an order preliminarily and permanently enjoining and restraining FTC and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns and all those persons in active concert or participation with them or any of them, from making, importing, using, offering for sale, selling, or causing to be sold any product falling within the scope of any claim of the '782 Patent, or otherwise infringing or inducing infringement of any claim of the '782 Patent; and

i. All further relief in law or in equity as the Court may deem just and proper.

Dated: May 29, 2021 (CT)    Respectfully submitted,

             */s/ M. Craig Tyler*
             M. Craig Tyler
             CTyler@perkinscoie.com
             State Bar No. 00794762
             **Perkins Coie LLP**
             500 W. 2nd Street, Suite 1900
             Austin, TX 78701
             Phone: 1.737.256.6100

             ATTORNEYS FOR PLAINTIFF FCX SOLAR, LLC