**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| FCX SOLAR, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 6:21-cv-548-ADA |
| | ) | |
| FTC SOLAR, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff FCX Solar, LLC ("Plaintiff" or "FCX") brings this First Amended Complaint against defendant FTC Solar, Inc. ("Defendant" or "FTC") for infringement of U.S. Patent No. 10,903,782 (the "'782 Patent") and alleges:

1.      Plaintiff is an engineering consultancy and green technology development firm that provides engineering services to solar power developers and develops intellectual property in the solar structures space—solutions to engineering problems that can be licensed to other companies.

2.      Defendant FTC Solar, Inc. develops and sells solar tracker systems to its customers, which include solar developers, solar asset owners, and engineering, procurement and construction contractors. A solar tracker system allows a photovoltaic cell to track the movement of the sun through the sky over the course of a day, increasing the efficiency and output of a solar array. Such solar arrays are used by utilities and other large-scale producers of solar power.

3.      FTC is a direct competitor to companies that benefit from Plaintiff's consultancy services and engineering solutions.

4.      FTC once held a license to Plaintiff's family of patents comprising the '782 Patent. That license is no longer in effect. Yet, FTC continues to make, use, sell, and/or offer for sale products that practice the '782 Patent, actively induce third parties to infringe the '782 Patent, and contribute to infringement of the '782 Patent by third parties. FTC does so willfully, despite knowledge of the '782 Patent and FTC's practice thereof.

5.      Plaintiff sues to protect its intellectual property rights in the '782 Patent, to recover damages arising out of FTC's infringement thereof, and to enjoin FTC from further infringement that will irreparably harm Plaintiff's business.

## The Parties

6.      Plaintiff FCX is a Pennsylvania limited liability company registered as a foreign limited liability company in the State of New Hampshire.

7.      Defendant FTC is a corporation duly organized and existing under the laws of the State of Delaware. FTC has a regular and established place of business in this judicial district at 9020 North Capital of Texas Highway, Suite I-260, Austin, Texas. FTC can be served with process through its registered agent in the State of Texas, Vcorp Services, LLC, 1999 Bryan Street, Suite 900, Dallas, TX, 75201-3136.

## Jurisdiction and Venue

8.      This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq.* This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      FTC is subject to personal jurisdiction in this Court because FTC has its principal place of business in this judicial district and has engaged in continuous, systematic, and substantial activities within this State, including substantial marketing and sales of products and services within this State and this district. This Court also has personal jurisdiction over FTC

because FTC has committed acts giving rise to Plaintiff's claims for patent infringement within and directed to this district

10.     FTC has conducted and does conduct substantial business in this district, directly and/or through subsidiaries, agents, representatives, or intermediaries, such substantial business including but not limited to: (i) at least a portion of the acts of infringement alleged; (ii) purposefully and voluntarily placing one or more infringing products and services into the stream of commerce from this district expecting they will be purchased by consumers in this district; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this district. Thus, FTC is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Texas Long Arm Statute.

11.     FTC has committed acts of infringement in this district and has a regular and established place of business within this district. Thus, venue is proper in this district under 28 U.S.C. § 1400(b).

12.     FTC maintains a permanent physical presence within this district. For example, it maintains at least an office location at 9020 North Capital of Texas Highway, Suite I-260, Austin, Texas, and employs persons at that location. FTC also maintains (or until recently maintained) an office at 11801 Domain Boulevard, 3rd Floor, Austin, TX 78758.

13.     FTC's locations in this district are physical, geographical locations in this district. Each office location comprises one or more buildings or office spaces from which the business of FTC is carried out. The locations are set apart for the purpose of carrying out FTC's business, including but not limited to, making, using, selling, offering for sale, and/or supporting

infringing products. FTC itself advertises its North Capital of Texas Highway location as its place of business in public filings with the Securities and Exchange Commission.

14.     FTC's locations in this District are regular and established.

15.     FTC's locations in this District are places of business of FTC. FTC conducts business from at least one location in this District including but not limited to, making, using, selling, offering for sale, and/or supporting infringing products and services.

16.     FTC's locations in this District are physical, geographical locations in this District from which FTC carries out its business.

17.     FTC employees work at FTC's locations. These FTC employees are regularly and physically present at FTC's locations during business hours and they are conducting FTC's business while working there.

18.     FTC's locations in this district are therefore regular and established places of business under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

### Factual Allegations

**A.     Patent-in-Suit**

19.     The '782 Patent is entitled "Solar Tracker System." The '782 Patent duly and legally issued on January 26, 2021. Plaintiff is the owner of all rights, title, and interest in the '782 Patent, including all rights to license the '782 Patent or forgive infringement thereof. A copy of the '782 Patent is attached as Exhibit A and is incorporated by reference herein.

20.     FTC once held a license to the family of patents comprising the '782 Patent under a license agreement with Plaintiff (the "Agreement").

21.     On April 30, 2021, FTC terminated the Agreement "for convenience" upon 30 days' notice.

4

22.     Therefore, at the time of filing of Plaintiff's Original Complaint, FTC was not licensed to the '782 Patent.

23.     At the time of filing of this Amended Complaint, FTC is not licensed to practice the '782 Patent.

**B.      FTC Makes, Uses, Sells, and/or Offers for Sale Products That Practice the '782 Patent**

24.     FTC's Voyager product ("Voyager") is a photovoltaic system that incorporates solar panels, which are collections of photovoltaic modules, to generate energy. *See, e.g.*, Voyager Tracker Datasheet, https://ftcsolar.com/wp-content/uploads/2020/12/Voyager-Datasheet.pdf (2020); Voyager single-axis tracker from FTC Solar, FTC Solar, https://www.youtube.com/watch?v=XEQNxgZrXw4  (Apr. 24, 2019); *see also* FTC Solar Launches Voyager+ Tracker Supporting 500+ Watt Module Transition, https://ftcsolar.com/news/press-releases/ftc-solar-supports-large_format-pv-modules/  (Jan. 27, 2021).

25.     FTC's Voyager product is sometimes designated "Voyager+" when used with large-format solar modules. *See, e.g.*, https://ftcsolar.com/news/press-releases/ftc-solar-supports-large_format-pv-modules/ (Jan. 27, 2021).

26.     On information and belief, Voyager products designated "Voyager+" are not materially different from those designated "Voyager" with respect to the elements of the '782 Patent claims.

27.     Voyager includes a supporting base with a vertical post to which solar modules are attached and held up at an angle. *See* Voyager single-axis tracker from FTC Solar, FTC Solar, https://www.youtube.com/watch?v=XEQNxgZrXw4  (Apr. 24, 2019).

28.     Voyager includes a damper mounted between solar modules and the base supporting the solar modules. The damper resists movement of the solar modules relative to the base, such as movement caused by wind. *See, e.g.*, Voyager single-axis tracker from FTC Solar, FTC Solar, https://www.youtube.com/watch?v=XEQNxgZrXw4 (Apr. 24, 2019) ("The…torque tube and slew drive combined with patented locking damper design enables voyager to handle the most adverse wind conditions."); Voyager Design Specifications, https://ftcsolar.com/wp-content/uploads/2020/12/Voyager-Datasheet.pdf (2020) ("Wind Speed Configurations: v105mph, v120mph, v135mph").

29.     The damper of Voyager passively transitions from a first damping ratio, in which the solar modules move at a first velocity relative to the base, to a second damping ratio, in which the solar modules move at a second, higher velocity relative to the base.

30.     This behavior is evidenced, *e.g.*, by damper sample tests in FTC's possession from approximately July 22, 2020.

31.     On information and belief, the sampled damper design, or a materially similar design, is being used on Voyager trackers today.

32.     The damper of Voyager has an outer cylinder (or damper chamber) that is hollow and holds a damper piston. The diameter of the outer cylinder is greater than that of the damper piston and contains fluid within the remaining space not taken up by the damper piston.

33.     This is evidenced, *e.g.*, by damper design images in FTC's possession from approximately July 25, 2020.

34.     The damper piston of Voyager has a first port, *e.g.*, first openings on a disc. The openings can be in an open or closed configuration.

35.     This is evidenced, *e.g.*, by the damper design images in FTC's possession from approximately July 25, 2020.

36.     The damper piston of Voyager has a second port, *e.g.*, second openings on a disc. The openings can be in an open or closed configuration.

37.     This is evidenced, *e.g.*, by the damper design images in FTC's possession from approximately July 25, 2020.

38.     The damper piston of Voyager has a valve configured to passively open or close the second port.

39.     When the discs are in an open configuration, the second port is open and allows fluid to flow through the port. When the discs transition to a closed position, the second port is closed.

40.     The valve transitions between the open and closed configurations in a passive manner.

41.     This is evidenced, *e.g.*, by the damper design images in FTC's possession from approximately July 25, 2020.

42.     On information and belief, the imaged damper design, or a materially similar design, is being used on Voyager trackers today.

43.     FTC provides extensive training with hands-on instruction on assembly techniques and methods for systems that incorporate photovoltaic modules with Voyager and Voyager+. *See, e.g.,* https://ftcsolar.com/voyager-tracker/construction/ ("Training").

44.     FTC builds and installs rows of photovoltaic modules with Voyager and Voyager+. *See, e.g.,* https://ftcsolar.com/voyager-tracker/construction/ ("Golden Row").

45.     FTC tests its customers' and/or end users' installations of photovoltaic modules in Voyager and Voyager+. *See, e.g.*, https://ftcsolar.com/voyager-tracker/construction/ ("Golden Row").

46.     FTC collects data from its customers' and/or end users' installations of photovoltaic modules in Voyager and Voyager+.

47.     In advertisements, FTC illustrates its Voyager and Voyager+ products with photovoltaic modules installed. *See, e.g.* https://ftcsolar.com/.

48.     As set forth above, Voyager practices all elements of at least Claims 1, 11, and 19 of the '782 Patent, whether denominated as "Voyager" or "Voyager+."

49.     FTC offers Voyager and Voyager+ products for sale in and from the United States. *See, e.g.*, https://ftcsolar.com/voyager-tracker/ ("Request a Quote").

50.     According to public filings with the Securities and Exchange Commission, FTC intends to sell the Voyager and Voyager+ products in and from the United States for the foreseeable future.

**C.      FTC Actively Induces Use of Systems That Practice the '782 Patent**

51.     FTC was contractually obligated to be aware of the existence of the '782 Patent and of its products' practice of the '782 Patent's claims. The Agreement obligated FTC to pay a royalty on *inter alia* products that, at any time after the '782 Patent's issuance, practiced any issued claim of the '782 Patent. FTC therefore had actual notice of the claims of the '782 Patent and of the infringing nature of its unlicensed activities and those of its customers, vendors, downstream distributors, retailers, and/or end users. On information and belief, FTC knew of the existence of the '782 Patent, and practice thereof by FTC and its customers, vendors, downstream distributors, retailers, and end users, at all times after termination of the Agreement. In any event, FTC knew of the existence of the '782 Patent and practice thereof by FTC and its customers,

vendors, downstream distributors, retailers, and end users as of the filing of Plaintiff's Original Complaint.

52.     FTC sells and/or distributes products, including but not limited to Voyager and Voyager+, to its customers, vendors, downstream distributors, retailers, and/or end users. *See, e.g.*, https://ftcsolar.com/voyager-tracker/ ("Request a Quote"). Customers, vendors, downstream distributors, retailers, and/or end users that receive a Voyager or Voyager+ also obtain photovoltaic modules (e.g., from a photovoltaic module supplier). One or more of FTC, customers, vendors, downstream distributors, retailers, and end users then construct infringing photovoltaic systems by assembling the Voyager or Voyager+ with the photovoltaic modules. Once the photovoltaic systems are installed, the photovoltaic systems are used for energy production. *See, e.g.,* https://ftcsolar.com/voyager-tracker/construction/ ("Construction").

53.     FTC provides construction support for photovoltaic systems that include Voyager and Voyager+ and provides engineering services from concept to completion for such systems. For example, FTC provides extensive training with hands-on instruction on assembly techniques and methods, support for designing systems, consultations on engineering, and validations of final designs of systems that include Voyager and Voyager+. *See, e.g.,* https://ftcsolar.com/voyager-tracker/construction/ ("Construction"); https://ftcsolar.com/ ("Engineering Services").

54.     FTC actively markets and instructs its customers to construct and use photovoltaic systems that incorporate Voyager and Voyager+. *See, e.g.,* https://ftcsolar.com/voyager-tracker/ ("Construction Support," "Engineering Services").

55.     FTC offers services to build and install rows of photovoltaic modules with Voyager and Voyager+ with its customers. *See, e.g.,* https://ftcsolar.com/voyager-tracker/construction/ ("Golden Row").

56.     FTC knows that its customers, vendors, downstream distributors, retailers, and/or end users infringe the '782 Patent by using its products, including but not limited to Voyager or Voyager+, and FTC intends for such infringement to occur.

57.     As set forth above, FTC actively induces its customer to practice all elements of at least Claims 1, 11, and 19 of the '782 Patent based on use of photovoltaic modules with Voyager or Voyager+.

58.     FTC does business in the United States through sale and support of at least Voyager and Voyager+. *See, e.g.,* https://ftcsolar.com/voyager-tracker/voyager-quote/ (See "Region of Interest").

59.     According to public filings with the Securities and Exchange Commission, FTC intends to sell the Voyager and Voyager+ products in and from the United States for the foreseeable future.

### D.     FTC Sells Material Components of Systems That Practice the '782 Patent

60.     FTC was contractually obligated to be aware of the existence of the '782 Patent and of its products' practice of the '782 Patent's claims. The Agreement obligated FTC to pay a royalty on *inter alia* products that, at any time after the '782 Patent's issuance, practiced any issued claim of the '782 Patent. FTC therefore had actual notice of the claims of the '782 Patent and of the infringing nature of its unlicensed activities and those of its customers, vendors, downstream distributors, retailers, and/or end users. On information and belief, FTC knew of the existence of the '782 Patent, and practice thereof by FTC and its customers, vendors, downstream distributors, retailers, and end users, at all times after termination of the license agreement. In any event, FTC knew of the existence of the '782 Patent and practice thereof by FTC and its customers, vendors, downstream distributors, retailers, and end users as of the filing of Plaintiff's Original Complaint.

61.    FTC sells and/or distributes products, including but not limited to Voyager and Voyager+, that make up physical components of systems that practice the '782 Patent. *See, e.g.*, https://ftcsolar.com/voyager-tracker/ ("Request a Quote").

62.    FTC's products are material to the photovoltaic system invention covered by the '782 Patent. Voyager and Voyager+ are solar tracker systems that are installed with photovoltaic modules and practice the '782 patent, as set forth in paragraphs 24 to 50 *supra*.

63.    FTC knows that its products, including but not limited to Voyager and Voyager+, are material to the photovoltaic system invention covered by the '782 Patent because such products have no use apart from infringing the '782 patent. For example, Voyager and Voyager+ are solar trackers that are specifically designed to be assembled with photovoltaic modules. Voyager and Voyager+ are solar tracker systems that allow a photovoltaic cell to track the movement of the sun through the sky over the course of a day, increasing the efficiency and output of a solar array. Further, the tracker designs enable photovoltaic modules to be installed using a "slide and glide" module attachment method for efficient installation. *See, e.g.*, https://ftcsolar.com/voyager-tracker/construction/ ("Efficient installation"). Voyager and Voyager+ are designed and engineered to minimize installation time of photovoltaic modules. *See, e.g.*, https://ftcsolar.com/wp-content/uploads/2020/12/Voyager-Datasheet.pdf ("Lowest Installed Costs"); https://ftcsolar.com/wp-content/uploads/2021/05/VoyagerPlusSpecSheet.pdf ("Lowest Installed Cost"). Without installation with photovoltaic modules, Voyager and Voyager+ cannot be used for energy production. Voyager and Voyager+ have no use apart from being used as solar trackers of photovoltaic systems.

64.    As set forth above, FTC contributes to infringement by its customers, vendors, downstream distributors, retailers, and/or end users who practice all elements of at least

Claims 1, 11, and 19 of the '782 Patent based on use of photovoltaic modules with Voyager or Voyager+.

65.     FTC does business in the United States through sale and support of at least Voyager and Voyager+. *See, e.g.,* https://ftcsolar.com/voyager-tracker/voyager-quote/ (See "Region of Interest").

66.     According to public filings with the Securities and Exchange Commission, FTC intends to sell the Voyager and Voyager+ products in and from the United States for the foreseeable future.

<strong><u>First Claim for Relief</u></strong><br/><strong>(Infringement of the '782 Patent)</strong>

67.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 66.

**A.      <u>Direct Infringement</u>**

68.     In violation of 35 U.S.C. § 271(a), FTC is directly infringing one or more of the '782 Patent's claims, including at least Claims 1, 11, and 19 by making, using, selling, and/or offering for sale in the United States, without authority and since termination of the Agreement, products that practice the '782 Patent, including but not limited to Voyager and Voyager+.

69.     As described above, FTC's Voyager and Voyager+ products practice every limitation of at least Claims 1, 11, and 19 of the '782 Patent.

70.     FTC is infringing claims of the '782 Patent, including at least Claims 1, 11, and 19, literally and/or under the doctrine of equivalents.

71.     Because of FTC's acts of infringement, Plaintiff has suffered and continues to suffer actual and consequential damages. Plaintiff is entitled to, and now seeks to, recover damages from FTC in an amount not less than the maximum amount permitted by law caused by FTC's acts of infringement. Plaintiff seeks recovery in an amount no event less than a reasonable

royalty with interest and costs. Plaintiff further seeks any other damages to which it would be entitled to in law or in equity.

72.     Further, because FTC was contractually obligated to be aware of the existence of the '782 Patent and of its products' practice of the '782 Patent's claims, on information and belief, FTC knew of the existence of the '782 Patent, and infringement thereof by FTC, at all times after termination of the Agreement. In any event, FTC knew of the existence of the '782 Patent and infringement thereof by FTC, as of the filing of Plaintiff's Original Complaint.

73.      Nevertheless, FTC continues to make, use, sell, and/or offer for sale in the United States, without authority, products that practice the '782 Patent, including but not limited to Voyager and Voyager+, as described above.

74.     Therefore, FTC's infringement of the '782 Patent is egregious and involves intentional or knowing infringement, and is therefore willful, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

75.     FTC's acts of infringement have caused—and unless restrained and enjoined, FTC's acts of infringement will continue to cause—irreparable injury and damage to Plaintiff for which Plaintiff has no adequate remedy at law. Unless preliminarily and permanently enjoined by this Court, FTC will continue to infringe the '782 Patent.

76.     Plaintiff further may recover its attorneys' fees under applicable law and seeks to do so.

**B.     Indirect Infringement by Active Inducement**

77.     In violation of 35 U.S.C. § 271(b), since termination of the Agreement, FTC is and has been indirectly infringing one or more of the '782 Patent's claims, including at least Claims 1, 11, and 19 by actively inducing infringement of at least Claims 1, 11, and 19 of the '782 Patent by

third parties, including its customers, vendors, downstream distributors, retailers, and/or end users. FTC's affirmative acts induced its customers to use photovoltaic systems that incorporate FTC's products, including but not limited to Voyager and Voyager+, and that practice the '782 Patent to infringe, literally and/or under the doctrine of equivalents, at least Claims 1, 11, and 19 of the '782 Patent.

78.     FTC's affirmative acts of selling and/or distributing products, including but not limited to Voyager and Voyager+, providing construction support for installing photovoltaic modules with Voyager and Voyager+, and providing engineering services from concept to completion for using photovoltaic modules with Voyager and Voyager+ induced its customers, vendors, downstream distributors, retailers, and/or end users to infringe at least Claims 1, 11, and 19 of the '782 Patent. For example, FTC induced and induces users of Voyager and Voyager+ by providing extensive training with hands-on instruction on assembly techniques and methods, support for designing systems, consultations on engineering, and validations of final designs of systems incorporating photovoltaic modules with Voyager and Voyager+. By and through at least these acts, FTC knowingly and specifically intended its customers to practice the '782 Patent to infringe at least Claims 1, 11, and 19 of the '782 Patent.

79.     FTC actively markets and instructs its customers to construct and use systems that practice the '782 Patent, such as photovoltaic systems that incorporate photovoltaic modules with Voyager and Voyager+.

80.     FTC was contractually obligated to be aware of the existence of the '782 Patent and of its products' practice of the '782 Patent's claims. On information and belief, FTC knew of the existence of the '782 Patent, and practice thereof by FTC and its customers, vendors, downstream distributors, retailers, and end users, at all times after termination of the license

agreement. In any event, FTC knew of the existence of the '782 Patent and practice thereof by FTC and its customers, vendors, downstream distributors, retailers, and end users as of the filing of Plaintiff's Original Complaint.

81.     FTC nonetheless performed and continues to perform affirmative acts that constituted induced infringement, knowing that those affirmative acts would induce infringement of at least Claims 1, 11, and 19 of the '782 Patent by users of its products including but not limited to Voyager and Voyager+. FTC induces its customers, vendors, downstream distributors, retailers, and/or end users to build and use photovoltaic systems incorporating photovoltaic modules with Voyager and Voyager+. FTC is liable for its induced infringement of the '782 patent pursuant to 35 U.S.C. § 271(b).

82.     FTC's infringement of the '782 Patent is egregious and involves intentional or knowing infringement, and is therefore willful, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

83.     FTC's acts of infringement have caused—and unless restrained and enjoined, FTC's acts of infringement will continue to cause—irreparable injury and damage to Plaintiff for which Plaintiff has no adequate remedy at law. Unless preliminarily and permanently enjoined by this Court, FTC will continue to infringe the '782 Patent.

84.     Plaintiff further may recover its attorneys' fees under applicable law and seeks to do so.

**C.     Contributory Infringement**

85.     In violation of 35 U.S.C. § 271(c), since termination of the Agreement, FTC is and has been indirectly infringing the '782 Patent by contributing to infringement of at least Claims 1, 11, and 19 of the '782 Patent by third parties. For example, FTC sold and/or distributed its

Voyager and Voyager+ products to customers, vendors, downstream distributors, retailers, and/or end users. As FTC knows, such entities that received a Voyager or Voyager+ also obtained photovoltaic modules (e.g., from photovoltaic module suppliers) and then constructed photovoltaic systems by assembling the Voyager or Voyager+ with the photovoltaic modules. *See, e.g.,* https://ftcsolar.com/voyager-tracker/construction/ ("Construction"). When customers, vendors, downstream distributors, retailers, and/or end users used Voyager and Voyager+ for energy production after installation, they used the claimed photovoltaic system, thereby infringing, literally and/or under the doctrine of equivalents, at least Claims 1, 11, and 19 of the '782 Patent. Products supplied by FTC, including but not limited to Voyager and Voyager+, constitute a material part of the claimed invention of the '782 patent.

86.     FTC knows that its products, including but not limited to Voyager and Voyager+, constitute a material part of the claimed invention of the '782 patent. FTC knows that its products are designed to be combined with photovoltaic cells and that those products infringe the '782 Patent when so combined.

87.     Voyager and Voyager+ are solar tracker systems that allow a photovoltaic cell to track the movement of the sun through the sky over the course of a day, increasing the efficiency and output of a solar array. FTC's products, including but not limited to Voyager and Voyager+, are not staple articles of commerce suitable for substantial non-infringing use because such products have no use apart from infringing the '782 patent. For example, Voyager and Voyager+ have no use aside from being installed with photovoltaic modules for energy production. FTC is liable for its contributory infringement of the '782 patent pursuant to 35 U.S.C. § 271(c).

88.     FTC's infringement of the '782 Patent is egregious and involves intentional or knowing infringement, and is therefore willful, entitling Plaintiff to increased damages under

35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under
35 U.S.C. § 285.

89.     FTC's acts of infringement have caused—and unless restrained and enjoined,
FTC's acts of infringement will continue to cause—irreparable injury and damage to Plaintiff for
which Plaintiff has no adequate remedy at law. Unless preliminarily and permanently enjoined by
this Court, FTC will continue to infringe the '782 Patent.

90.     Plaintiff further may recover its attorneys' fees under applicable law and seeks to
do so.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all
issues so triable.

## Prayer for Relief

Plaintiff respectfully requests that the Court enter preliminary and final orders,
declarations, and judgments as are necessary to provide Plaintiff with the following relief:

a.     A judgment that FTC has infringed and/or continues to infringe one or more
claims of the '782 Patent, literally or under the doctrine of equivalents;

b.     A judgment that FTC's infringement of the '782 Patent has been willful;

c.     An award for all damages arising out of FTC's infringement, together with
prejudgment and post-judgment interest, including without limitation attorneys'
fees and litigation costs and expenses;

d.      An accounting of damages and any future compensation due to Plaintiff for FTC's infringement (past, present, or future) not specifically accounted for in a damages award (or other relief);

e.      A judgment imposing a mandatory future royalty payable on every product or service sold by FTC that is found to infringe the '782 Patent and on all future products and services which are not colorably different from products found to infringe;

f.      An award of reasonable attorneys' fees as provided by 35 U.S.C. § 285 and enhanced damages as provided by 35 U.S.C. § 284;

g.      An award of costs of suit;

h.      The entry of an order preliminarily and permanently enjoining and restraining FTC and its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns and all those persons in active concert or participation with them or any of them, from making, importing, using, offering for sale, selling, or causing to be sold any product falling within the scope of any claim of the '782 Patent, or otherwise infringing or inducing infringement of any claim of the '782 Patent; and

i.      All further relief in law or in equity as the Court may deem just and proper.

Dated:  July 27, 2021 (CT)                    Respectfully submitted,


                                              */s/ Matthew J. Moffa*
                                              M. Craig Tyler, Bar No. 00794762
                                              PERKINS COIE LLP
                                              500 W 2nd St, Suite 1900
                                              Austin, TX  78701-4687
                                              Telephone: (737) 256-6113
                                              Facsimile: (737) 256-6300
                                              Email: CTyler@perkinscoie.com

                                              Matthew J. Moffa, Bar No. 5045067
                                              PERKINS COIE LLP
                                              1155 Avenue of the Americas, 22nd Floor
                                              New York, NY 10036-2711
                                              Telephone: (212) 261-6857
                                              Facsimile: (212) 399-8057
                                              Email: MMoffa@PerkinsCoie.com


                                              ATTORNEYS FOR PLAINTIFF FCX
                                              SOLAR, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 27, 2021, I served a true and correct copy of the foregoing document on all counsel of record in accordance with the Federal Rules of Civil Procedure via the ECF filing system.

By: _/s/ Matthew J. Moffa_____
Matthew J. Moffa