IH-32  Rev: 2014-1

# United States District Court
## for the
## Southern District of New York
### Related Case Statement

---

Full Caption of Later Filed Case:

FCX Solar, LLC

Plaintiff

vs.

FTC Solar, Inc.

Defendant

Case Number

1:21-cv-08766-PAC

Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

FCX Solar, LLC

Plaintiff

vs.

FTC Solar, Inc.

Defendant

Case Number

1:21-cv-03556-RA

IH-32    Rev: 2014-1

Status of Earlier Filed Case:

☐ Closed   (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

✓ Open   (If so, set forth procedural status and summarize any court rulings.)

The Complaint in FCX Solar v. FTC Solar, No. 21-cv-3556-RA, was filed on April 21, 2021. FTC filed a partial motion to dismiss and motion for a more definite statement on July 2, 2021. An Amended Complaint was filed on July 16, 2021. FTC stood on its initial motion, which is fully briefed and pending. A scheduling order was entered on July 23, 2021, and the parties are engaged in document discovery.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

Both cases concern the utilization by FTC of intellectual property belonging to FCX in solar trackers that it sold and continues to sell. The New York action asserts contract and related tort claims arising from a license agreement between the parties--at the time of filing, FTC had repudiated its payment obligations but did not terminate the license. After the license agreement was terminated and the termination went into effect, FCX filed the Texas action asserting patent infringement arising from FTC's continued use of FCX's intellectual property. This action seeks damages for sales occurring after the termination of the license agreement, while the New York action seeks damages for conduct that occurred prior to termination. And while breach of the license agreement may be found even without a finding of patent infringement, issues regarding the relationship between FTC's solar tracker products and FCX's patents and patent applications are common to both cases.

FTC is headquartered in Texas and, in FCX's view, the patent venue statute (28 U.S.C. § 1400) required FCX to file its patent infringement action in Texas. FTC disagreed, and moved to transfer the action to New York on the basis of a forum selection clause in the license agreement. In FCX's view, the forum selection clause did not apply to post-termination infringement, but Judge Albright disagreed and ordered the case transferred. To the extent that venue is proper in this District, the common factual issues between the two cases and potentially overlapping discovery support marking them as related and assigning them to the same judge.

Signature:   /s/ Matthew J. Moffa          Date: 10/29/21

Firm:   Perkins Coie LLP