UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FCX SOLAR, LLC,

               Plaintiff,

   v.

FTC SOLAR, INC.,

               Defendant.

Case No. 1:21-CV-03556-RA

**[PROPOSED] AMENDED CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FCX SOLAR, LLC,

               Plaintiff,

   v.

FTC SOLAR, INC.,

               Defendant.

Case No. 1:21-CV-08766-RA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RONNIE ABRAMS, United States District Judge:

      Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Amended Case Management Plan and Scheduling Order:

1. All parties **do not** consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. The parties discussed a potential resolution to this dispute before Plaintiff initiated this lawsuit, but those discussions were unsuccessful.

3. This case **is** to be tried to a jury.

4. No additional parties may be joined after **August 27, 2021** without leave of the Court.

5. No amendments to the pleadings may be made after **September 1, 2021** without leave of the Court.

6. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure relating to the patent-infringement case recently transferred to this Court and consolidated with this case shall be completed no later than **November 18, 2021**.[1]

7. All fact discovery is to be completed no later than **July 11, 2022, or 60 days after the Court issues its claim construction order, whichever is later**.

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

    a. Initial requests for production of documents shall be served by **December 10, 2021**.

    b. Interrogatories shall be served by **December 10, 2021**.

    c. Fact-witness depositions shall be completed by **July 11, 2022, or 60 days after the Court issues its claim construction order, whichever is later**.

    d. Requests to Admit shall be served no later than **February 11, 2022**.

9. Claim-construction briefing will proceed according to this schedule:

    a. The parties shall exchange a list of claim terms to be construed and preliminary claim constructions by **January 14, 2022**, and shall meet and confer to narrow claim terms to be construed by **January 21, 2022**.

    b. A Joint Disputed Claim Terms Chart shall be filed no later than **February 4, 2022**.

    c. The party asserting infringement must serve and file an opening claim-construction brief and all supporting evidence and testimony no later than **March 7, 2022**.

    d. The opposing party must serve and file a response to the opening claim-construction brief and all supporting evidence and testimony no later than **April 6, 2022**.

    e. The opening party may serve and file a reply solely rebutting the opposing party's response no later than **April 13, 2022**.

    f. On **May 11, 2022, or another date at the Court's convenience**, the Court will hear argument on claim construction. 14 days before the claim construction hearing, the parties shall notify the Court, by joint letter submission: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

---

[1] The parties have already filed initial disclosures in this case (21-cv-03556-RA), but the parties had not yet filed initial disclosures in the W.D. Tex. patent-infringement case recently transferred to this Court and consolidated with this case.

      g.      Plaintiff shall serve its Final Infringement Contentions no later than 14 days after the Court issues its claim-construction Order.

      h.      Defendant shall serve its Final Invalidity Contentions no later than 14 days after the deadline for Plaintiff to serve its Final Infringement Contentions.

10.    All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by **September 23, 2022, or 30 days after the deadline for rebuttal expert reports, whichever is later**.

      a.      The deadline for a party to designate expert witnesses on issues for which that party bears the burden of proof shall be **July 1, 2022, or 21 days before the deadline for expert reports on issues for which the party bears the burden of proof, whichever is later**.

      b.      The deadline for a party to serve expert reports on issues for which the party bears the burden of proof shall be **July 22, 2022, or 60 days after the Court issues its claim construction order, whichever is later**.

      c.      The deadline for a party to designate rebuttal expert witnesses shall be **August 5, 2022, or 21 days before the deadline for rebuttal expert reports, whichever is later**.

      d.      The deadline for a party to serve rebuttal expert reports shall be **August 26, 2022, or 30 days after the deadline for initial expert reports, whichever is later**.

11.    All discovery shall be completed no later than **September 23, 2022, or 30 days after the deadline for rebuttal expert reports, whichever is later**.

12.    The Court will conduct a post-discovery telephone conference on ___October 7, 2022___ at ___10:30 a.m.___ . The parties shall use the dial-in information provided below to call into the conference: Call-in Number: (888) 363-4749; Access Code: 1015508. This conference line is open to the public. No later than one week in advance of the conference, the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion and what efforts the parties have made to settle the action.

13.    Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 6 of the Court's Individual Rules and Practices shall be due thirty (30) days from the close of discovery, or if any dispositive motion is filed, thirty (30) days from the Court's decision on such motion. This case shall be trial ready sixty (60) days from the close of discovery or the Court's decision on any dispositive motion.

14.    Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

      a.      **X** Referral to the Southern District's Mediation Program.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

15. The parties have conferred and their present best estimate of the length of trial is ten days.

The post-discovery conference scheduled for February 4, 2022 is hereby adjourned.

SO ORDERED.

Dated:    November 29, 2021
         New York, New York

                                          _____
                                          Ronnie Abrams
                                          United States District Judge