

Joseph J. Gribbin

Direct **T** 302.824.7089  **F** 314.621.5065

jgribbin@atllp.com

May 31, 2022

Hon. Valerie Figueredo, Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re:** *FCX Solar, LLC v. FTC Solar, Inc.*, **Case Nos. 21-cv-3556-RA-VF, 21-cv-8766-RA (consolidated)**

**Defendant's response letter brief regarding FTC Solar's unaccused products**

Dear Judge Figueredo,

FCX Solar's latest brief is no different than its preceding briefs except that it is somehow longer. Here again, FCX Solar presents a hodge-podge of legal theories—first design-around, now damages and validity—each one more novel and unsupported than the last. None of them entitles FCX Solar to discovery on FTC Solar's unaccused products. The Court should deny FCX Solar's motion to compel.

**1.      Factual background**

FCX Solar is a non-practicing entity. It makes no products of its own and has refused to provide any discovery to support its claims that it provides consulting services or technology to any client other than FTC Solar. FCX Solar has employed scorched-earth discovery tactics that have significantly driven up FTC Solar's litigation costs. FCX Solar issued 339 requests for production—an absurd amount, even for a patent litigation—and FTC Solar has produced 271,411 pages of documents to date while FCX Solar has produced just 20,362 pages. *See* ECF No. 132 at 2 n.2.

This particular discovery dispute on FTC Solar's unaccused products has spanned three discovery teleconferences, twenty-three pages of single-spaced briefing (sixteen of it from FCX Solar), and now an in-person conference in a few weeks.

**2.      FTC Solar's unaccused products have nothing to do with Plaintiff's damages case.**

FCX Solar first argues that discovery into FTC Solar's unaccused products is necessary because "[i]f there has been nothing [other than the accused products]—or at least nothing non-infringing and acceptable—FCX's patent would be more valuable[.]"  ECF No. 131 at 4.  In other words, FCX Solar presents a "heads I win, tails you lose" approach to discovering FTC Solar's unaccused products: either FTC Solar's unaccused products *do* infringe (in which case FCX Solar would add them into this case), or they *don't* infringe (in which case FTC Solar's unaccused products are non-infringing alternatives relevant to damages and subject to discovery).  But this is a novel theory—and one for which FCX cites no case law, *see id.*—that would render everything FTC Solar makes and sells discoverable.  There must be some boundaries.

And there are.  In patent cases, while there is no bright-line rule limiting discovery to only accused products, district courts have generally denied discovery into unaccused products unless the party seeking discovery can show that the unaccused products are "reasonably similar" to the accused products.  For example:

- *dlhBOWLES, Inc. v. Jiangsu Riying Elecs. Co., Ltd.*, No. 21-cv-00170-DAR, 2022 WL 672073, at *2–3 (N.D. Ohio 2022) (denying motion to compel accused infringer to produce discovery on unaccused products; "Plaintiff has not demonstrated that the products it requests are reasonably similar to its infringement theory.").

- *Ethicon LLC v. Intuitive Surgical, Inc.*, No. 17-cv-871-LPS-CJB, 2018 WL 1392341, at *3 (D. Del. Feb. 12, 2018) (denying motion to compel accused infringer to produce discovery on an unaccused product because the patentee failed to show that the unaccused product was reasonably similar to the accused products; "[W]e are left with 'mere suspicion or speculation' that [the unaccused product] will infringe the asserted patents; this is not enough to render the requested discovery relevant to Ethicon's infringement claims.").

- *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 14-cv-0772-GMN-NJK, 2015 WL 13238450, at *4 (D. Nev. Dec. 18, 2015) (denying motion to compel accused infringer to produce discovery on unaccused products; "[A]t its broadest, the case law provides only that a party may request discovery of devices reasonably similar to accused devices—not of all devices in a party's inventory to determine whether any are reasonably similar.").

- *Datatrak Int'l, Inc. v. Medidata Solutions, Inc.*, No. 11-cv-458, 2015 WL 12734894, at *2–3 (N.D. Ohio 2015) (denying patentee's motion to compel accused infringer to produce source code used only by unaccused components in the accused product; "The Court finds that absent some specific demonstration that the products are reasonably similar, access to source code of a different [unaccused] stand alone software product will not be permitted.").

Hon. Valerie Figueredo, Magistrate Judge
May 31, 2022
Page 3

- *Deckers Outdoor Corp. v. Sears Holdings Corp.*, No. 14-cv-2561-ODW(CWx), 2014 WL 7185355, at *1 (C.D. Cal. 2014) (denying patentee's motion to compel accused infringer to produce discovery on unaccused products; "The Court agrees with Defendants that information about footwear generally has no bearing on reasonabl[e] royalties for the accused products and the requests are overly broad and unduly burdensome.").

The same "reasonably similar" test should apply here, and FCX Solar has made no attempt to satisfy it.

Instead, FCX Solar spends an entire page citing 18 cases about damages concepts and noninfringing alternatives generally. But when it comes to discussing "(ii) This case" on page 5, the case cites suddenly vanish. This is unsurprising; in the few cases where patentees have requested similar noninfringing-alternatives-related discovery into unaccused products, courts have rejected them.

For example, in *Sensor Electronic Technology, Inc. v. Bolb, Inc.*, No. 18-cv-5194-LHK (VKD), 2019 WL 570758 (N.D. Cal. 2019), the court denied the patentee's motion to compel the defendants to produce discovery on unaccused products and found that the patentee's argument that the discovery was "relevant to the question of whether those LEDs are non-infringing alternatives" was "premature, as neither [defendant] makes such a contention at this time." *Id.* at *3. Likewise, in *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-3844-JST (MEJ), 2014 WL 4593338 (N.D. Cal. 2014), the patentee argued that "discovery relating to the unaccused [products] may also show the absence of acceptable non-infringing alternatives," but the court denied the patentee's motion to compel because "[patentee] has not accused any other [products] of infringing, and thus has not made a connection between the accused and unaccused products," "[n]or does [patentee] explain how sales information relating to the unaccused [products] may be used to … show the absence of acceptable non-infringing alternatives." *Id.* at *4.

So too here. Like the defendants in *Sensor Electronic Technology*, FTC Solar has not claimed that its unaccused products are noninfringing alternatives, so FCX Solar's request is, at best, premature. This is also why FCX Solar's request is different from the requests for noninfringing-alternatives-related discovery in the *Vermeer* and *Baxter* cases that FCX Solar cites—in both of those cases, unlike here, the <u>defendants</u> (not the patentees) had put the relevant noninfringing alternatives at issue. *See Vermeer Mfg. Co. v. Toro Co.*, No. CIV-19-855-D, 2020 WL 1236312, at *4 (W.D. Okla. Mar. 13, 2020) ("In this case, *Defendant* has asserted that thirteen of [third party's products] compete with [defendant's accused product], and these are potentially non-infringing alternatives") (emphasis added); *Baxter Int'l, Inc. v. Becton, Dickinson & Co.*, No. 17 C 7576, 2020 WL 424918, at *6 (N.D. Ill. Jan. 27, 2020) (granting *defendant*'s motion to compel about *the patentee*'s alternative products as potentially noninfringing alternatives to defendant's accused product).

Hon. Valerie Figueredo, Magistrate Judge
May 31, 2022
Page 4

**3.     FTC Solar's unaccused products have nothing to do with willful infringement and enhanced damages.**

FCX Solar next argues that FTC Solar's unaccused products "are relevant to whether infringement was willful, and merits enhanced damages." ECF No. 131 at 5. But in support of this claim, FCX cites only general caselaw setting forth the definitions of willful infringement and enhanced damages (i.e., *Halo*, *Eko Brands*, and *Applied Medical Resources*), and then attempts to rebrand previously cited design-around cases as newly "relevant to willful infringement and enhanced damages." Those cases are indeed relevant to willfulness and enhanced damages, but *only* because they are about design-arounds—a concept absent here.[1]

The parties have already briefed this issue. *See* ECF Nos. 93, 95–97. Indeed, FCX Solar's first attempt to compel discovery into unaccused products (ECF No. 93) was focused on design-around, and FTC Solar's response brief (ECF No. 95) explained why FTC Solar's unaccused products do not meet the definition of design-around set forth in FCX Solar's own cited cases. *See* ECF No. 95 at 1–2. FCX Solar again quotes *Illumina* for the position that courts "routinely allow discovery into design around[,]" ECF No. 131 at 6, but (again) leaves out the second half of the quote: "Courts therefore routinely allow discovery into design around, *notwithstanding that at some level it's all done ultimately at the direction of counsel and with a view toward litigation.*" *Illumina Inc. v. BGI Genomics Co.*, No. 20-cv-1465-WHO (TSH), 2020 WL 7047708, at *3 (N.D. Cal. Dec. 1, 2020) (emphasis added); *see also* ECF 95 at 1. FTC Solar's unaccused products still do not meet this definition, and this wholly undermines FCX Solar's "willful infringement and enhanced damages" legal theories.

**4.     FTC Solar's unaccused products have nothing to do with patent validity.**

FCX Solar now argues that FTC Solar's unaccused products are also relevant to the validity of the '782 Patent "because they inform" the secondary considerations of a "long-felt but unmet need" in the industry, and the "failure by others" to solve the same problem the '782 Patent purports to solve. ECF No. 131 at 6–7. Neither is accurate.

**a.     FTC Solar's unaccused products are too recent to evince any long-felt need for the '782 Patent.**

The Federal Circuit "look[s] to the filing date of the challenged invention to assess the presence of a long-felt and unmet need." *Procter & Gamble Co. v. Teva Pharms. USA, Inc.*, 566 F.3d 989, 998 (Fed. Cir. 2009). And here, FCX Solar has asserted that the filing date for the '782

---

[1] Nor do FCX Solar's general cites to *Halo*, *Eko Brands*, and *Applied Medical Resources* support its position. Those cases concerned "deliberate or intentional infringement" (*Eko Brands*) that is "desperate[]" (*Applied Medical Resources*) and "characteristic of a pirate" (*Halo*). But here, the unaccused products are not even design-arounds at all; to further speculate that they are design-arounds that evince a "deliberate intention to infringe" that is "desperate[]" and "characteristic of a pirate" is unwarranted.

Hon. Valerie Figueredo, Magistrate Judge
May 31, 2022
Page 5

Patent is February 13, 2018.  *See* ECF No. 71 at 4 ("The '782 patent has a priority date of February 13, 2018").  Yet FCX Solar seeks discovery into FTC Solar's unaccused products and prototypes from only 2020 or later, *i.e.*, the products that FCX itself admits "FTC has been designing and redesigning [] for two years *in the shadow of this patent*…."  ECF No. 131 at 2 (emphasis added).  Under *Procter & Gamble*, these products—from *well after* the '782 Patent's filing date—are irrelevant to any alleged "long-felt and unmet need" in the industry.

### b.  FCX Solar has failed to show that FTC Solar's unaccused products constitute "failure by others."

FCX Solar also fails to explain why FTC Solar's unaccused products (and "unreleased past prototypes") are failures at all, let alone failures by others "focused on solving the same problem" as the '782 Patent.  FCX Solar's legal theory here is similar to its design-around theory a few briefs ago; *i.e.*, if FTC Solar designed or redesigned a damper at any point after the filing date of the '782 Patent, it must have been an attempt (and now, apparently, a failure) to replicate the '782 Patent's alleged innovation.  But FCX Solar draws these conclusions from thin air.  Rank speculation is not a sufficient basis to expand discovery into unaccused products.

Moreover, FCX Solar has not cited a single case in which a court allowed a patentee to pursue discovery of a defendant's unaccused products on the basis that they would be evidence of a "failure by others."  Rather, FCX Solar cites only a *Roxane* case that was decided in the context of "commercial success," which is absent from FCX Solar's brief except in a list of six secondary considerations ("among others") on page 6, and an *Apple v. Samsung* case that is yet another rebranded design-around case and does not mention secondary considerations at all.

### 5.  The fact that FCX Solar has "no other way" of obtaining evidence of FTC Solar's unaccused products cannot justify FCX Solar's overbroad discovery requests.

The threshold issue here is not burden or proportionality but relevance.  Federal Rule of Civil Procedure 26(b)(1) explains that discovery must be "relevant to any party's claim or defense," and documents regarding unaccused products are generally not relevant to a party's claim for reasons discussed elsewhere in this brief.  *See, e.g.*, *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim.") (emphasis in original).  Any discussion of proportionality and burden first assumes that the discovery is relevant.  The requested discovery at issue here is not.

### 6.  Conclusion

FCX Solar's legal theories are flimsy and unsupported by caselaw, and its motion to compel is just another scorched-earth discovery tactic intended to drive up costs.  And after this, the twenty-eighth page of single-spaced briefing on this issue (with still more to go), the Court should end it.

Hon. Valerie Figueredo, Magistrate Judge
May 31, 2022
Page 6

Respectfully,

Joseph J. Gribbin